UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Sarah Paine, | : |
|     Plaintiff, | : |
| v. | : Civil Action No.: 1:16-cv-317 |
| Armstrong & Associates, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|     Defendants. | : |

## COMPLAINT

For this Complaint, Plaintiff, Sarah Paine, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Sarah Paine ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Armstrong & Associates, Inc. ("Armstrong"), is an Alabama business entity with an address of 208 Adams Street, Mobile, Alabama 36603, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Armstrong and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Armstrong at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Armstrong for collection, or Armstrong was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Armstrong Engages in Harassment and Abusive Tactics

12. Within the last year, Armstrong called Plaintiff in an attempt to collect the Debt.

13. On multiple occasions, Armstrong called Plaintiff prior to 8:00 AM.

### C. Plaintiff Suffered Actual Damages

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq*.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff before 8:00 AM.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

21. Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF THE ALABAMA DECEPRIVE TRADE PRACTICES ACT – ALA CODE § 8-19-1, *et seq*.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants' actions constitute unfair or deceptive trade practices pursuant to the Alabama Deceptive Trade Practices Act, as defined by Ala. Code § 8-19-1 *et seq*.

24. As the result of Defendants' violations, Plaintiff is entitled to injunctive relief and to recover actual and statutory damages, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief, actual and statutory damages pursuant to Ala. Code § 8-19-10;

5. Costs of litigation and reasonable attorney's fees pursuant to Ala. Code § 8-19-10;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 27, 2016

Respectfully submitted,

By  /s/ Curtis R. Hussey
Curtis R. Hussey (HUSSC7684)
Hussey Law Firm, LLC
10 N. Section Street #122
Fairhope, Alabama  36532-1896
Telephone:  (251) 928-1423
Facsimile:  (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm

43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff
Sarah Paine